UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

MARVIN SEABROOK,

                Plaintiff,

    – against –

THE CITY OF NEW YORK; POLICE OFFICER JOHN DOE; POLICE OFFICER RICHARD ROE; POLICE OFFICER JANE DOE AND POLICE OFFICER JUDITH ROE,

                Defendants.

------------------------------------------------------------- X

**MEMORANDUM AND ORDER**

22-CV-2112 (AMD) (CLP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 12 2022 ★
BROOKLYN OFFICE

**ANN M. DONNELLY, United States District Judge:**

On April 13, 2022, the *pro se* plaintiff filed this action alleging that he was falsely arrested for domestic violence. (ECF No. 1.) On April 20, 2022, I granted the plaintiff's application to proceed *in forma pauperis* and dismissed the complaint. I also granted the plaintiff leave to amend the complaint. (ECF No. 4.) On April 25, 2022, the plaintiff filed an amended complaint and a motion to appoint counsel. (ECF Nos. 5, 6.) On May 11, 2022, I dismissed the amended complaint and denied the motion to appoint counsel. I also granted the plaintiff leave to file a second amended complaint. (ECF No. 7.) On June 2, 2022, the plaintiff filed a second amended complaint. (ECF No. 9.)

The Clerk of Court is respectfully directed to issue a summons against the City of New York, and the United States Marshals Service is directed to serve a copy of the summons and the second amended complaint on the City of New York without the prepayment of fees.

However, the United States Marshals Service will not be able to serve the individuals identified as Police Officer John Doe, Police Officer Richard Roe, Police Officer Jane Doe and Police Officer Judith Roe without additional identifying information.

In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit held that a *pro se* litigant is entitled to assistance in identifying a defendant. Accordingly, within 45 days from the date of this Order, the Corporation Counsel for the City of New York (the "Corporation Counsel") should ascertain the full names of the individuals identified as Police Officer John Doe, Police Officer Richard Roe, Police Officer Jane Doe and Police Officer Judith Roe, and provide the addresses where these defendants can be served. The Corporation Counsel does not need to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Once this information is provided, the plaintiff's second amended complaint will be deemed amended to reflect the full names and badge numbers of these officers, a summons will be issued and the Court will direct service on these defendants.

The case is referred to the Honorable Cheryl L. Pollak, Chief United States Magistrate Judge, for pretrial supervision.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to both the plaintiff and the Corporation Counsel's Special Federal Litigation Division, and also to note the mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly
---
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
     July 11, 2022

3